UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


XINRONG ZHUANG,
    Plaintiff,

        v.                              CIVIL ACTION NO.
                                        09-12163-NMG
R. SAQUET,
CITY OF BROCKTON and
BROCKTON HOSPITAL,
    Defendants.


**REPORT AND RECOMMENDATION RE:**
**DEFENDANT BROCKTON HOSPITAL'S MOTION TO DISMISS**
**FOR FAILURE TO COMPLY WITH COURT ORDER/FAILURE TO PROSECUTE**
**(DOCKET ENTRY # 65)**

**November 7, 2013**

**BOWLER, U.S.M.J.**

        Pending before this court is a motion to dismiss filed

by defendant Brockton Hospital ("defendant").  (Docket

Entry # 65).  Plaintiff Xingrong Zhuang ("plaintiff")

opposes the motion (Docket Entry # 77).  Having conducted a

hearing and taken the motion (Docket Entry # 65) under

advisement, the matter is ripe for review.

                        BACKGROUND

        Plaintiff filed a pro se complaint alleging civil

rights violations on December 21, 2009.  Defendant served

plaintiff a first set of interrogatories and request for

production on November 14, 2012.  (Docket Entry ## 67-3 &

67-4).  Plaintiff failed to respond.  Accordingly,
defendant moved to compel answers to these discovery
requests on February 19, 2013.  (Docket Entry # 53).  On
March 14, 2013, this court allowed the motion to compel and
ordered "the defendant [sic] to respond by April 1, 2013."
In error, the Order ordered defendant, as opposed to
plaintiff, to respond to the discovery request.[1]  Plaintiff
transmitted the answers to the interrogatories by fax to
defendant two days late on April 3, 2013.  (Docket Entry #
67-6).  To date, plaintiff has not provided responses to
the request for production of documents.  (Docket Entry #
67-7).

DISCUSSION

Defendant moves to dismiss this action because of
plaintiff's failure to comply with the March 14, 2013 Order
to produce the discovery by April 1, 2013.  Defendant
relies on Rule 37(b)(2), Fed.R.Civ.P ("Rule 37(b)"), as the
basis for a dismissal.

In order to invoke sanctions under Rule 37(b), the
rule "requires that a court order must be in effect, and
then violated, as a prerequisite for the imposition of
sanctions thereunder."  Thibeault v. Square D Co., 960 F.2d

---

[1]  There is no evidence to suggest that the error confused
or misled plaintiff.

239, 245 (1st Cir. 1992) (citing R.W Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 15 (1st Cir. 1991)).  As noted above, defendant submits that plaintiff violated the terms of the March 14, 2013 Order.  Plaintiff violated that Order by producing the answers to interrogatories two days late and failing to submit responses to defendant's request for production of documents to date.

Rule 37(b)(2)(A)(v) permits, as a sanction for disobeying a discovery order, "dismissing the action . . . in whole or in part."  Fed.R.Civ.P 37(b)(2)(A)(v).  Rule 37(b) lists a realm of available sanctions and gives the court the discretion to "make such orders in regard to the failures as are just."  Fed.R.Civ.P. 37(b)(2).  There is "nothing in Rule 37(b) that states or suggests that any particular sanction can be used only after all other sanctions have been considered or tried."  Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 25 (1st Cir. 2006) (internal brackets and quotation marks omitted).  However, "dismissal should not be viewed either as a sanction of first resort or as an automatic penalty for every failure to abide by a court order."  Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003); see also Malloy v. WM Specialty Mortg. LLC, 512 F.3d 23, 26 (1st Cir. 2008) (noting "'"the adequacy of lesser sanctions"'" as a "'"commonly mentioned"'" factor).

The factors the First Circuit examines to determine whether a dismissal under Rule 37(b) is appropriate for the violation of a discover order include:  "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." Malloy v. WM Specialty Mortg. LLC, 512 F.3d at 26 (internal brackets and quotation marks omitted). Imposing the sanction of dismissal under Rule 37(b) necessitates considering and balancing all of "the pertinent circumstances." Young v. Gordon, 330 F.3d at 81.

On April 3, 2013, plaintiff produced the answers to interrogatories.  Thus, although he did not answer the interrogatories in a timely manner after being served in November 2012, he eventually complied and was only two days late in complying with the April 1, 2013, court imposed deadline.  The degree of this misconduct is more negligent than deliberate.

On the other hand, plaintiff repeatedly failed and continues to fail to provide the documents requested by defendant.  At present, responses to the request for production of documents are 11 months overdue under Rule 34, Fed.R.Civ.P. ("Rule 34"), and seven months late under

the terms of the March 14, 2013 Order.  See <u>Malloy v. WM</u>
<u>Specialty Mortg. LLC</u>, 512 F.3d at 26 (dismissing case where
responses were seven months overdue under the rules and
five months overdue under court order).  In addition,
whereas plaintiff violated the March 14, 2013 Order only
once and in a relatively minor fashion with respect to
providing answers to interrogatories, he continued to
violate the Order to produce the requested documents by
April 1, 2013, for an extensive period of seven months.
The length of time evidences a deliberate course of action.
In addition, plaintiff's continued violation of the March
14, 2013 Order hampers this court's ability to progress
this 2009 case.  See <u>Young v. Gordon</u>, 330 F.3d at 81
("disobedience of court orders is inimical to the orderly
administration of justice"); <u>see also</u> <u>Malloy v. WM</u>
<u>Specialty Mortg. LLC</u>, 512 F.3d at 26 (identifying
"prejudice . . . to the operations of the court" as a
factor to consider).  Plaintiff's excuse that such
documents are located in China is not convincing given the
failure to produce all of the documents for almost an
entire year.  He does not provide sufficient evidence to
support the self serving allegation of a medical condition
that prevented compliance with the Order.

    As to procedural concerns, plaintiff had an

opportunity to provide an explanation for the noncompliance but the March 14, 2013 Order did not forewarn him that noncompliance may result in sanctions or a dismissal.  See Malloy v. WM Specialty Mortg. LLC, 512 F.3d at 28. Defendant's prejudice of not receiving relevant documents in a timely manner and the resulting negative impact on its ability to defend itself against the allegations is mollified to a limited extent by the lack of a trial date.

At present, this court will afford plaintiff one more opportunity to comply with the March 14, 2013 Order by producing the documents to defendant on or before December 9, 2013.  A failure to produce all of the documents by December 9, 2013, may result in the dismissal of this action and/or a monetary sanction.  Plaintiff shall file an affidavit detailing his finances and his ability to pay a monetary award on or before December 9, 2013.  Defendant may renew the motion to dismiss after December 9, 2013, in the event plaintiff continues not to comply with the March 14, 2013 Order and/or he fails to comply with this Order.

## CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[2] that the motion to dismiss (Docket Entry

---

[2]  Any objection to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of

# 65) be **DENIED** without prejudice.   Plaintiff is **ORDERED** to produce the requested documents on or before December 9, 2013.


/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

the Report and Recommendation to which objection is made and the basis for such objection.  <u>See</u> Rule 72(b), Fed. R. Civ. P.  Any party may respond to another party's objection within 14 days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the order.