UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

XINRONG ZHUANG,
    Plaintiff,

v.

                  CIVIL ACTION NO.
                  09-12163-NMG

R. SAQUET,
CITY OF BROCKTON and
BROCKTON HOSPITAL,
    Defendants.

**MEMORANDUM AND ORDER RE:**
**DEFENDANTS' R. SAQUET AND CITY OF BROCKTON**
**MOTION TO COMPEL PLAINTIFF'S**
**ANSWERS TO INTERROGATORIES**
**(DOCKET ENTRY # 78)**

**December 6, 2013**

**BOWLER, U.S.M.J.**

    Pending before this court is the above styled motion to compel filed by defendants R. Saquet and the City of Brockton ("defendants"). (Docket Entry # 78). Plaintiff Xinrong Zhuang ("plaintiff") opposes the motion. (Docket Entry # 82). On November 21, 2013, this court held a hearing and took the motion under advisement. Plaintiff did not appear at the hearing.[1]

---

[1] On November 12, 2013, the Deputy Clerk issued a notice for the November 21, 2013 hearing for 2:30 p.m. and mailed a copy of the notice to plaintiff. On November 19, 2013, two days before the hearing, the Deputy Clerk changed the time of the hearing from 2:30 p.m. to 2:00 p.m. Plaintiff did not appear at the hearing at 2:00 p.m. or at 2:30 p.m. This court adjourned the hearing shortly after 2:30 p.m. In a recent filing, plaintiff explains that he did not receive the November 19, 2013 notice in time to appear at the hearing. (Docket Entry # 102).

On April 1, 2013, defendants served plaintiff with a first set of interrogatories. Plaintiff provided responses to the interrogatories on May 1, 2013. After unsuccessfully attempting to resolve the dispute under Fed.R.Civ.P. 37(a) and LR. 7.1(a), defendants filed the motion to compel seeking more complete answers to interrogatories one, four, seven, eight, 15, 17, 20 and 21.

## DISCUSSION

In no uncertain terms, Fed.R.Civ.P. 33(b)(3) ("Rule 33(b)") requires a party to answer each interrogatory "separately and fully in writing under oath." Fed.R.Civ.P. 33(b)(3). "[A]n evasive or incomplete" answer to an interrogatory constitutes a failure to answer the interrogatory. Fed.R.Civ.P. 37(a)(4). Plaintiff did not object to any of the foregoing interrogatories and all of the answers he provided are both incomplete and evasive.

Plaintiff's explanation that "information and documents" are overseas (Docket Entry # 82) is not convincing. Plaintiff has had more than seven months to provide complete and non-evasive answers to the interrogatories at issue. Instead of providing a complete and timely answer to each of the disputed interrogatories, plaintiff repeatedly stated that he "is still working" on preparing the information. (Docket Entry # 79, Ex. D). Rule 33(b) however requires a complete answer within 30 days

of being served. Fed.R.Civ.P. 33(b)(3). Furthermore, plaintiff's complaint that defendants did not provide "important facts and evidence in their answers and documents" (Docket Entry # 82) (capitalization omitted) is no excuse for his failure to comply with Rule 33(b). "Parties to a lawsuit cannot, without seeking some sort of relief from the Court, refuse to provide discovery to another party on the basis that the other party has not provided discovery." Mahoney v. Kempton, 142 F.R.D. 32, 33 (D.Mass. 1992).

Plaintiff is therefore ordered to serve defendants with complete and non-evasive answers to interrogatories one, four, seven, eight, 15, 17, 20 and 21 on or before December 20, 2013. Plaintiff shall answer each of these interrogatories fully and completely. Adhering to the language of each interrogatory, the answers shall include the following:

1. Interrogatory No. One: As requested in the interrogatory, plaintiff must provide his own date of birth and social security number and the full dates of birth (month, date and year) for all of his children, if any;

2. Interrogatory No. Four: As requested in the interrogatory, plaintiff must identify any injury or illness suffered in the five year period prior to the occurrences set forth in the complaint. Because the occurrences set forth in the complaint also took place in 2006, for purposes of this answer, stating "no injuries to the plaintiff's heart, head, neck, bank, leg and arms before 2006" is insufficient. In order to provide a non-evasive answer, plaintiff must state the injury or illness and the date he suffered the injury or illness;

3. Interrogatory No. Seven: As requested in the interrogatory, plaintiff must provide "an account, itemized as fully and completely as possible, of all loses" he is claiming that he

"incurred as a result of the occurrences set forth in the Complaint, including but not limited to losses which are attributable to legal fees, hospital, medical or mental health care and treatment and loss of earnings." (Docket Entry # 79, Ex. C). Plaintiff's answer fails to provide an itemized breakdown of legal fees, if any. In addition, he must itemize the general loss;

4. <u>Interrogatory No. Eight</u>: Plaintiff is ordered to supplement the answer to this interrogatory by providing a complete list of each hospital, medical professional and mental health professional who rendered treatment to plaintiff as a result of the occurrences set forth in the complaint. Plaintiff must also include a more detailed description of the treatment and provide the dates for such treatment. In addition, plaintiff must state the dates that he was absent from employment, if any;

5. <u>Interrogatory No. 15</u>: As requested in the interrogatory, plaintiff must describe any financial loss he suffered as a result of the claim alleged and itemize "such loss and the amount thereof in dollars and cents as far as possible" (Docket Entry # 79, Ex. C);

6. <u>Interrogatory No. 17</u>: As requested in the interrogatory, plaintiff is ordered to supplement the answer by providing "[t]he name and address of each doctor or hospital consulted," the specific dates (day, month and year) "of treatments or consultations with each doctor or hospital consulted" and "[t]he amount of the charge to date of each doctor or hospital consulted" (Docket Entry # 79, Ex. C);

7. <u>Interrogatory No. 20</u>: As requested in the interrogatory, plaintiff must itemize the expenses listed in his answer; and

8. <u>Interrogatory No. 21</u>: In order to provide a complete answer, plaintiff must provide an answer to subpart (B) by stating "[t]he duration and frequency that you have suffered from any signs and symptoms of emotional distress." (Docket Entry # 79, Ex. C). Plaintiff must also provide separate answers to subparts (C) and (D), including the specific dates (day, month and year) of any evaluation, diagnosis and/or treatment. Plaintiff's answer is deficient because it does not provide the requested dates, does not state which listed consultations and/or treatments were related to plaintiff's claims of emotional distress and does not list those consultations, diagnosis or treatment for dates prior to January 1, 2006.

In the event plaintiff fails to comply with this Order and

4

answer the interrogatories in the manner set forth in this Order, he may be subject to sanctions under Fed.R.Civ.P. 37(b), including the sanction of a dismissal of this action.

### CONCLUSION

In accordance with the foregoing discussion, the motion to compel (Docket Entry # 78) is **ALLOWED**.  Plaintiff is ordered to serve defendants with answers to interrogatories one, four, seven, eight, 15, 17, 20 and 21 in the manner set forth in this Order on or before December 20, 2013.  This court will conduct a hearing on January 14, 2014, at 2:45 p.m. on a motion to compel filed by plaintiff (Docket Entry # 102) as well as any other outstanding matter.

    /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge