**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **XINRONG ZHUANG,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**R. SAQUET, CITY OF BROCKTON and BROCKTON HOSPITAL,**<br><br>**Defendants.** | **Civil Action No. 09-12163-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Xinrong Zhuang ("Zhuang" or "plaintiff") filed this pro se medical malpractice and civil rights case in 2009 after allegedly being assaulted by Brockton police officers and firefighters and mistreated at the Brockton Hospital in December, 2006. He alleges that defendants Officer Robert Saquet ("Officer Saquet") of the Brockton Police Department and the City of Brockton ("the City") violated his civil rights and that defendant Brockton Hospital ("the Hospital") violated his civil rights and committed medical malpractice. The case was remanded to a medical malpractice tribunal in February, 2010 and returned to this session unresolved in May, 2012.

Pending before this Court are the Report and Recommendation of Magistrate Judge Marianne Bowler to deny the motion to dismiss filed by Officer Saquet and the City, plaintiff's motion

to amend the complaint to add his mother as a plaintiff and defendant Brockton Hospital's motion for summary judgment. For the reasons that follow, the Court will deny the motion to amend and accept and adopt the recommendation to deny the motion to dismiss. The motion for summary judgment will remain under advisement pending resolution of several discovery-related motions by the magistrate judge.

## I. Background

Plaintiff, a resident of Brockton, alleges that on December 22, 2006, he called the Brockton Police Department "for safety" because his son was using a knife to fix the kitchen sink and refused to use a different tool. He states that his son dropped the knife before the police arrived and that he and his son both told the police that the situation was resolved. Nevertheless, according to plaintiff's account, the police handcuffed and arrested him by use of excessive force. He asserts that "four or five firefighters" knocked him down in his yard causing him to have an elevated heart rate and blood pressure of 150/110. In addition, he asserts that his mother, Heyi You, observed the incident and fainted because she was afraid.

Plaintiff alleges that he was then detained by the Hospital against his will for several days without being provided with an interpreter or an opportunity to speak with an attorney. He claims that he was initially locked in a small room without

water by five Hospital security guards. He also maintains that security guards handcuffed his mother, dragged her out of the hospital face down and removed the handcuffs without unlocking them.

While plaintiff was in the Hospital, he alleges that Dr. Alexander I. Lipin gave him the choice between signing a form for mental health treatment or having treatment forced on him starting with an injection. Plaintiff states that he signed the form but did not read or understand its contents.

Finally, plaintiff claims that the Hospital committed medical malpractice in its treatment of his purported injuries although the nature of the malpractice and of his purported injuries is unclear from his complaint.

## II. Procedural History

Plaintiff filed his complaint on December 21, 2009. In February, 2010, this Court stayed proceedings and referred the case to a Massachusetts trial court to convene a medical malpractice tribunal pursuant to Mass. Gen. Laws ch. 231, § 60B. In May, 2012, the tribunal found in the Hospital's favor on the grounds that plaintiff had failed to file an offer of proof.

In February, 2013, the Hospital filed the first of many motions to compel answers to interrogatories and requests for production of documents. Plaintiff moved in March, 2013 to keep written discovery open until October, 2013 and the Hospital

moved to strike plaintiff's untimely discovery requests made after the deadline for written discovery. In May, 2013, the Hospital moved to dismiss for lack of prosecution and failure to comply with a Court Order and plaintiff moved to compel the Hospital to answer interrogatories and provide documents and to strike the motion to dismiss. Those motions were referred to Magistrate Judge Bowler.

In November, 2013, Magistrate Judge Bowler 1) extended the deadlines to serve written discovery until November 22, 2013 and to respond to such discovery to December 16, 2013 and 2) entered a Report and Recommendation ("R&R") to deny the Hospital's motion to dismiss for lack of prosecution. The R&R warned plaintiff that failure to produce the requested documents by December 9, 2013 could result in dismissal or a monetary sanction and advised the Hospital that it could renew its motion to dismiss after December 9, 2013 if the plaintiff did not comply. This Court adopted the R&R in December, 2013 and the Hospital has not renewed its motion to dismiss.

Meanwhile, in July, 2013, the City and Officer Saquet moved to compel complete and non-evasive answers to their interrogatories and plaintiff moved for an extension of 30 days to submit new answers. The magistrate judge allowed the former motion in December, 2013 and denied the latter. Shortly thereafter, the City and Officer Saquet moved to dismiss for

lack of prosecution and failure to comply with a court order and the plaintiff moved for an extension of time to seek experts and to exchange Fed. R. Civ. P. 26 reports. In January, 2014, Magistrate Judge Bowler allowed the motion for an extension of time at a hearing on several pending motions and thereafter recommended that this Court deny the motion to dismiss.

Shortly thereafter, all defendants moved to compel further discovery responses and plaintiff moved for an extension of time until March 31, 2014 to complete written discovery. More recently, the Hospital moved for summary judgment and plaintiff moved to amend his complaint. The pending motions relating to discovery have been referred to Magistrate Judge Bowler for rulings but the motions for summary judgment and to amend the complaint are pending before this Session.

## III. Report and Recommendation to Deny Motion to Dismiss filed by City of Brockton and Officer Saquet

### A. Relevant background

In July, 2013, the City and Officer Saquet moved to compel plaintiff to respond completely to their written Interrogatories. They asserted that they served plaintiff with the Interrogatories on April 1, 2013 and, while plaintiff responded in a timely fashion, his response to Interrogatory No. 4 was untruthful and his responses to Interrogatory Nos. 1, 5, 7, 8, 15, 17, 20 and 21 were incomplete.

Defendants believe that plaintiff was untruthful in responding to Interrogatory No. 4, which asked him to list all injuries or illnesses he suffered in the five years prior to the alleged incident. Plaintiff wrote that he had suffered no injuries or illnesses prior to December, 2006 but defendants have information that suggests that plaintiff was involved in a car accident in February, 2006. Moreover, plaintiff filed another case in the District of Massachusetts in November, 2012, in which he claimed that he was subjected to airstrikes by the United States government in the summer and fall of 2006 during which he nearly lost his life. See Zhuang v. Bush, No. 12-12220-RGS. With respect to the other interrogatories, plaintiff's responses were incomplete and in many instances he wrote that he was "still working" on compiling information and would submit new reports as soon as they were available.

On December 6, 2013, Magistrate Judge Bowler allowed the motion to compel and ordered plaintiff to provide complete and non-evasive responses by December 20, 2013. The magistrate judge found plaintiff's explanation that "information and dockets" were overseas unconvincing when he had seven months to provide complete and non-evasive answers. Her Order warned plaintiff that his failure to comply could result in sanctions, including dismissal, under Fed. R. Civ. P. 37(b).

On December 30, 2013, the City and Officer Saquet moved to dismiss for failure to comply with that Order because they had not received further responses. They urged the magistrate judge to dismiss the case as a Fed. R. Civ. P. 37(b) sanction.

In January, 2014, the magistrate judge recommended denying the subject motion to dismiss. She noted that plaintiff had attempted to respond even though his responses were untimely and had represented that he had not received notice of a November, 2013 hearing on the matter. The magistrate judge found that such conduct failed to rise to the level of misconduct sufficient to warrant dismissal. Defendants did not file objections to her recommendation.

**B. Analysis**

Magistrate Judge Bowler declined to recommend dismissal as a discovery sanction despite the urging of the City and Officer Saquet. As a result, her order will be reviewed under the standard for non-dispositive matters and will stand unless this Court finds that it is clearly erroneous or contrary to law. See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4-6 (1st Cir. 1999). Defendants have offered no objection to the recommendation and, indeed, there is no indication that the magistrate judge's recommendation is erroneous. As a result, the Report and Recommendation will be accepted and adopted and the Court will deny the motion to dismiss.

**IV. Plaintiff's motion to amend complaint**

Plaintiff has moved for leave to amend his complaint to add his mother, Heyi You, as a plaintiff. He asserts that his mother would be represented by Attorney William G. Rehrey if his motion is allowed.

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its complaint once as a matter of course either before the other party files a responsive pleading or 21 days thereafter. Fed. R. Civ. P. 15(a)(1). All other amendments require the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). The court "should freely give leave when justice so requires." Id. Although Rule 15 has been construed liberally, amendment is not warranted if it would be futile or reward undue or intended delay. See Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). The movant has the burden of showing a "valid reason for his neglect and delay" in seeking to amend when "considerable time has elapsed between the filing of the complaint and the motion to amend." Stepanischen v. Merchs. Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983).

Here, an inordinate amount of time has elapsed between the filing of the initial complaint in December, 2009 and the filing of the subject motion in February, 2014. Moreover, written discovery closed on January 31, 2014 and a trial date of August 11, 2014 was set in December, 2013 after several continuances.

As a result, plaintiff has the burden of showing a valid reason for his four year delay in seeking to amend the complaint when discovery has closed and a trial is scheduled to begin in five months.

Plaintiff has failed to meet his burden of justifying his delay and neglect. The only reason he offers for the timing of his motion is that he has reviewed the documents produced by defendants to date and has now concluded that his mother has a viable claim against the defendants. He does not disclose the contents of those documents and, indeed, the proposed amended complaint does not contain any information with respect to his mother that was not previously disclosed in the complaint or in other pleadings filed with this Court. The Court can discern no reason for plaintiff now to seek to add his mother as party based on information known to him as early as December, 2009 and will not countenance further delay in these already protracted proceedings.

Because the Court finds that Heyi You's purported claims are based on information readily available to the plaintiff at the time he filed his complaint over four years ago, the Court declines to grant leave to amend on the grounds that doing so would reward undue delay.

**ORDER**

For the foregoing reasons,

1) Magistrate Judge Bowler's Report and Recommendation (Docket No. 123) to deny the motion of defendant Robert Saquet and defendant City of Brockton to dismiss for failure to prosecute and to comply with Court Orders is **ACCEPTED AND ADOPTED** and the motion to dismiss (Docket No. 112) is **DENIED;**

2) Plaintiff's motion to amend (Docket No. 145) is **DENIED;** and

3) Defendant Brockton Hospital's motion for summary judgment (Docket No. 140) remains under advisement.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 6, 2014