United States District Court
District of Massachusetts

|   |   |   |
|---|---|---|
| XINRONG ZHUANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 09-12163-NMG |
| R. SAQUET, CITY OF BROCKTON and | ) | |
| BROCKTON HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GORTON, J.**

Plaintiff Xinrong Zhuang ("Zhuang" or "plaintiff") filed this pro se medical malpractice and civil rights case in 2009 after allegedly being assaulted by Brockton police officers and mistreated by Brockton Hospital personnel in related incidents in 2006. He alleges that defendants Officer Robert Saquet of the Brockton Police Department and the City of Brockton violated his civil rights and that defendant Brockton Hospital ("the Hospital" or "defendant") violated his civil rights and committed medical malpractice.

The case was filed in December, 2009, remanded to a medical malpractice tribunal in February, 2010 and returned to this session unresolved in May, 2012. The Court has since dismissed all of the plaintiff's claims against both Robert Saquet and the City of Brockton. It has also dismissed the federal civil

-1-

rights claims and the Massachusetts medical malpractice claim against the Hospital. The claim against the Hospital arising under the Massachusetts Civil Rights Act is the only viable claim remaining in this case.

Pending before this Court is defendant Brockton Hospital's renewed motion to dismiss for failure to prosecute and failure to comply with a Court order.

## I. Background

Zhuang, a resident of Brockton, Massachusetts alleges that on December 22, 2006, he called the Brockton Police Department "for safety" because his son was using a knife to fix the kitchen sink and refused to use a different tool. He states that his son dropped the knife before the police arrived and that he and his son both told the police that the situation had been resolved. Nevertheless, according to plaintiff's account, the police handcuffed and arrested him using excessive force. He asserts that "four or five firefighters" knocked him down in his yard causing him to have an elevated heart rate and blood pressure of 150/110. In addition, he asserts that his mother, Heyi You, observed the incident and fainted because she was afraid.

Plaintiff alleges that he was then detained by Hospital personnel against his will for several days without being provided an interpreter or an opportunity to speak to an

attorney.  He claims that he was initially locked in a small room without water by five Hospital security guards and that they handcuffed his mother, dragged her out of the hospital face down and removed the handcuffs without unlocking them.

While plaintiff was in the Hospital, he alleges that Dr. Alexander I. Lipin gave him the choice between signing a form for mental health treatment or having treatment forced on him starting with an injection.  Plaintiff states that he signed the form but did not read or understand its contents.

Finally, plaintiff claims that the Hospital personnel committed malpractice by their treatment of his purported injuries although the nature of the malpractice and of his purported injuries is unclear from his complaint.

## II. **Procedural history**

Plaintiff filed his complaint on December 21, 2009.  In February, 2010, this Court stayed proceedings and referred the case to a Massachusetts trial court to convene a medical malpractice tribunal pursuant to Mass. Gen. Laws ch. 231, § 60B. In May, 2012, the tribunal found in the Hospital's favor on the grounds that plaintiff had failed to file an offer of proof.

The Hospital moved to dismiss this case based on plaintiff's failure to post a $6,000 bond as required by the Suffolk County Superior Court but withdrew the motion shortly thereafter when plaintiff posted the required bond.  Plaintiff

later moved to withdraw the bond in order to use the funds to retain an attorney but that motion was denied.

The Hospital served plaintiff a first set of interrogatories and request for production on November 14, 2012. Plaintiff failed to respond. Accordingly, in February, 2013, the Hospital filed the first of many motions to compel answers to interrogatories and requests for production of documents. In March, 2013, Magistrate Judge Marianne B. Bowler ordered plaintiff to produce responsive discovery to the Hospital on or before April 1, 2013. Plaintiff submitted answers to the interrogatories two days late but failed to respond to the request for production.

In May, 2013, the Hospital moved to dismiss for lack of prosecution and failure to comply with the March, 2013 order of the Magistrate Judge. In November, 2013, Magistrate Judge Bowler extended the discovery deadline and entered a Report and Recommendation ("R&R") to deny, without prejudice, the Hospital's motion to dismiss. The R&R warned plaintiff that failure to produce the requested documents by December 9, 2013 could result in dismissal or a monetary sanction and advised the defendant Hospital that it could renew its motion to dismiss after December 9, 2013 if the plaintiff did not comply. This Court adopted the R&R in December, 2013.

On December 6, 2013, the plaintiff submitted responses to the Hospital's request of production of documents.  Magistrate Judge Bowler then granted plaintiff's motion to extend the written discovery deadline until January 31, 2014, with no further extensions to be granted.

In January, 2014, the Hospital filed a motion to compel further discovery responses on the grounds that plaintiff's discovery to that point had been non-responsive, evasive, misleading and deceptive.  Plaintiff then filed two motions for extension of time to complete written discovery.

On March 10, 2014, Magistrate Judge Bowler denied plaintiff's motions for extension of time and ordered him to provide copies of his medical records from sources other than the Brockton Hospital as well as other responsive discovery on or before March 24, 2014.  Plaintiff failed to comply with that order.  Instead, he filed three additional motions for extension of time, all of which were subsequently denied.

On March 31, 2014, plaintiff filed an untitled pleading and produced no new documents to the defendant.  The following week, on April 8, 2014, the Hospital filed a renewed motion to dismiss for failure to prosecute or comply with the March, 2014 order.

Meanwhile, pending before this session of the Court were two motions for summary judgment filed by the Hospital and on behalf of the defendants Robert Saquet and the City of Brockton.

In June, 2014, the Court issued a memorandum and order granting summary judgment for Robert Saquet and the City of Brockton and dismissed those two defendants from the case. The Court also allowed the Hospital's motion for summary judgment with respect to plaintiff's medical malpractice and federal civil rights claims, leaving only the Massachusetts Civil Rights Act claim remaining in the case. The Hospital's renewed motion to dismiss for failure to prosecute and to comply with Court orders was denied without prejudice, subject to renewal if the case were not to be resolved as a result of dispositive motions.

The case lingered on and the Hospital moved for summary judgment with respect to the remaining civil rights claim. In August, 2014, the Court denied the Hospital's motion for summary judgment but specifically advised plaintiff that his repeated failure to produce requested discovery had severely prejudiced the Hospital and that such conduct would no longer be condoned. The Court then vacated its prior denial of the motion of the Hospital to dismiss for failure to prosecute and failure to comply with Court orders.

The following week, the Court held a show cause hearing for the plaintiff to demonstrate why this case should not be dismissed for noncompliance with discovery orders. Plaintiff proffered a number of excuses, including that he was unable to produce prior tax returns because his wife "ran away" and took

them with her.  The Court urged plaintiff to retain counsel and gave him 30 days to do so and to report back to the Court.  It took the motion to dismiss under advisement.

On September 10, 2014, plaintiff filed a motion to extend to grant an additional 30 days to retain counsel.  He has yet to comply with the March, 2014 order to produce supplemental discovery.

### III. Defendant's renewed motion to dismiss for failure to comply with Court order/failure to prosecute

**1. Legal standard**

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), a Court may impose a sanction if a party fails to obey a discovery order.  One possible sanction is "dismissing [an] action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).  The decision as to whether discovery sanctions are warranted and the choice of what sanctions should be imposed are matters within the sound discretion of the trial court. Sheppard v. River Valley Fitness One, L.P., 428 F.3d 1, 6 (1st Cir. 2005)(citation omitted).

The First Circuit examines a number of substantive and procedural factors to determine whether a dismissal under Rule 37(b) is appropriate for the violation of a discovery order. Malloy v. WM Specialty Mortgage LLC, 512 F.3d 23, 26 (1st Cir. 2008)(citation omitted).  The substantive factors include: 1) the severity of the violation, 2) the legitimacy of the party's

excuse, 3) repetition of violations, 4) the deliberateness vel non of the misconduct, 5) mitigating excuses, 6) prejudice to the other side and to the operations of the court and 7) the adequacy of lesser sanctions. Id.  As to procedure, the Court considers whether the offending party was given sufficient notice and opportunity to explain its noncompliance or argue for a lesser penalty. Id.  Imposing the sanction of dismissal under Rule 37(b) necessitates considering and balancing all of the "pertinent circumstances." Young v. Gordon, 330 F.3d 76, 81.

   **2.  Application**

   The discovery window in this nearly five-year-old case has been repeatedly extended to enable the plaintiff to comply with deadlines.  Plaintiff has a proclivity for filing numerous motions for extension of time, even after the Court has indicated that no further extensions will be granted.  Although the final written discovery deadline passed on January 31, 2014, plaintiff still has not produced for the Hospital the responsive discovery pursuant to the March 10, 2014 order by Magistrate Judge Bowler.

   Recognizing that plaintiff has litigated this case pro se throughout its course, the Court has been extremely patient and accommodating with the plaintiff's requests and excuses.  It has allowed numerous extensions of time and has given plaintiff second and third chances to meet deadlines.  The Court has also

strongly urged plaintiff to retain counsel ever since the October, 2012 scheduling conference. It explained to the plaintiff the importance of professional representation to present his case and to meet Court deadlines. Plaintiff has, however, failed to do so despite filing two motions to extend time to search for counsel.

### i. Substantive factors

Plaintiff's violation of the March, 2014 discovery order is severe, repetitive, deliberate and unfairly prejudicial to the defendant. It is the second discovery order that the plaintiff has egregiously violated.

In March, 2013, the Court ordered plaintiff to produce responsive discovery to the Hospital by April 1, 2013. Plaintiff failed to answer defendant's interrogatories on time and failed to provide any responses to its requests for production of documents. By the time Magistrate Judge Bowler issued her November, 2013 R&R with respect to the Hospital's motion to dismiss for failure to comply with a Court order, the responses to the document production requests were 11 months overdue under Rule 34 of the Federal Rules of Civil Procedure ("Rule 34"). Nonetheless, the Court granted the plaintiff additional extensions to complete written discovery and denied defendant's motion to dismiss. Plaintiff was warned that

failure to comply with the March, 2013 order could lead to dismissal of the case.

Although plaintiff subsequently submitted what were purported to be responses to the Hospital's request for production of documents, the Hospital found the random documents to be non-responsive, evasive and misleading. It filed a motion to compel further responses and Magistrate Judge Bowler allowed that motion in March, 2014. She set a March, 24, 2014 deadline for the plaintiff to comply with her order.

Again, plaintiff missed the deadline. The following week, he provided an untitled pleading and produced no new documents to the defendant. The Hospital then filed the currently-pending renewed motion to dismiss for failure to prosecute and to comply with a Court order, requesting that all claims against it be dismissed with prejudice. The Court now agrees that the case has been impeded to a point where a lesser sanction would be inadequate.

Plaintiff has repeatedly failed to provide the documents requested by the defendant without sound excuse. Responses to defendant's January, 2014 motion to compel further discovery are currently seven months overdue under Rule 34 and six months late under the terms of the March, 2014 order, and thus a dismissal of the case is warranted. See Malloy v. WM Specialty Mortgage LLC, 512 F.3d at 26 (dismissing case where responses were seven

months overdue under the rules). Such an extensive delay is evidence of a deliberate course of action.

Plaintiff's continued violation of the March, 2014 order hinders this Court's ability to manage its docket and is unfairly prejudicial to the defendant which has made every effort to comply with the Court's case management orders. Plaintiff's pattern of delay has made it extremely difficult for the defense to prepare its case adequately in light of the impending trial date.

The substantive factors weigh heavily in favor of dismissal of the case.

### ii. Procedural factors

Plaintiff has been warned several times, by both Magistrate Judge Bowler and this Court, that his continued failure to obey Court orders with respect to discovery could result in dismissal. See Docket Nos. 93, 105, 222. In spite of those warnings, plaintiff persists in procrastinating.

Plaintiff was also given an opportunity at the August, 2014 show cause hearing to explain his noncompliance and justify why this case should not be dismissed. During the hearing, Plaintiff asserted that he had complied with the discovery order to the best of his ability and had produced all relevant documents in his possession. He pointed specifically to the exhibits in Docket No. 199. Upon review, the Court has found

that the documents consist of 17 exhibits, most of which were one-page long and were either previously produced or are nonresponsive to the Hospital's request.

The plaintiff also proffered a number of excuses when asked about specific discovery requests. The Court finds them unavailing. For example, Zhuang claimed to be unable to provide his prior tax returns because his wife "ran away" and took them with her. It is not credible that plaintiff cannot obtain other copies of his tax returns either from the Internal Revenue Service or other sources.

The Court has exercised discretion in granting numerous opportunities for this pro se litigant to comply with discovery obligations but it has run out of patience. The judiciary has a "strong institutional interest in ensuring that litigants honor court orders." Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002). Furthermore, the Supreme Court has explained that a case dismissal sanction for discovery violations serves not only to punish the offender but also to deter others from similar misconduct. Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642-43 (1976). Entering a dismissal in this case achieves both ends. It is commensurate with plaintiff's persistent and pervasive violations.

## ORDER

For the foregoing reasons,

1) defendant Brockton Hospital's renewed motion to dismiss for failure to prosecute and to comply with Court order (Docket No. 194) is **ALLOWED**; and

2) plaintiff's motion for extension of time of Court's scheduling order (Docket No. 235) is **DENIED**.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated September 24, 2014